IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LEE SIMS, as Personal Representative of the Estate of Renee Nicole Kelley** ] ] ] **Plaintiff,** ] ] **v.** ] ] **DAVITA ACCOUNTABLE CARE SOLUTIONS, LLC d/b/a DaVita Sylacauga Dialysis Center,** ] ] ] **Defendant.** ] | 1:16-cv-00233-KOB |

## **MEMORANDUM OPINION AND ORDER**

Several motions are before the court concerning who should receive the proceeds of the settlement reached in this wrongful death case. But first some history. Plaintiff, the estate of Renee Nicole Kelley, filed suit against DaVita Accountable Care Solutions, alleging that Defendant was responsible for Mrs. Kelley's wrongful death. (Doc. 1-1). At the time Plaintiff brought the suit, Mrs. Kelley's husband, Daniel Bryan Kelley, was the Personal Representative of her estate. In October 2016, Mr. Kelley passed away, and the probate court substituted Lee Sims as the Personal Representative of Mrs. Kelley's estate; this court followed suit. (Doc. 23). On August 9, 2017, the parties reached a confidential settlement agreement. (Doc. 28 at 2).

The motions now before the court are Plaintiff's "Motion for Determination of Settlement Disbursement," (doc. 28); non-party Shannon Ray Kelley's "Motion to be Included as Beneficiary of Settlement Disbursement," (doc. 37); and non-party Danielle Beasley's "Motion Re Distribution of Wrongful Death Recovery," (doc. 38). Plaintiff seeks to have this court

declare the proper beneficiary or beneficiaries of the settlement agreement in this case. (Doc. 28). Mr. Sims identified five potential beneficiaries of the settlement agreement:

> Linda Wilcoxon, mother of Renee Kelley
> Carl Lattimer,[1] father of Renee Kelley
> Danielle Beasley, daughter of Bryan Kelley and stepdaughter of Renee Kelley
> Marvin Kelley, father of Bryan Kelley
> Wanda Kelley, mother of Bryan Kelley

(Doc. 28 at 2). The court notified each potential beneficiary of the existence of the settlement agreement and the motion for determination of the settlement disbursement. (Doc. 29).

After the court notified the potential beneficiaries, Shannon Ray Kelley, the Personal Representative of Mr. Kelley's estate, filed a "Motion to be Included as Beneficiary of Settlement Disbursement," (doc. 37), and Mrs. Beasley filed a "Motion Re Distribution of Wrongful Death Recovery," (doc. 38). Each seeks to have this court declare that Mr. Kelley's estate is one of the proper beneficiaries of the settlement disbursement. (Docs. 37, 38). In addition, Mrs. Kelley's parents responded, contending that under Alabama law, they are the sole beneficiaries of the settlement proceeds. (Doc. 36).

The court DENIES Shannon Ray Kelley's and Mrs. Beasley's motions, GRANTS Plaintiff's motion, and ORDERS Plaintiff's Personal Representative to distribute the settlement proceeds to Mrs. Kelley's parents, Linda Wilcoxon and Carl Lattimer.

Alabama's wrongful death statute provides that "[t]he damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions." Ala. Code § 6-5-410(c). When Mrs. Kelley died, her spouse and her parents survived her, but she had no issue, *i.e.*, no children. The statute of

---

[1] Mr. Sims identified Mr. Lattimer as "Lenny Latimer," but Mr. Lattimer corrected his name in his response to this court's notification of the existence of the settlement agreement. (*See* Doc. 35).

distributions provides that if a spouse survives the decedent,

> The intestate share of the surviving spouse is as follows:
>
> (1) If there is no surviving issue or parent of the decedent, the entire intestate estate; [and]
>
> (2) If there is no surviving issue but the decedent is survived by a parent or parents, the first $100,000.00 in value, plus one-half of the balance of the intestate estate . . . .

*Id.* § 43-8-41.[2]  On the other hand, if the decedent leaves no surviving spouse, the estate passes

> (1) To the issue of the decedent . . . ; [or]
>
> (2) If there is no surviving issue, to [the decedent's] parent or parents equally . . . .

*Id.* § 43-8-42.

Typically, "[h]eirs are determined at the time of death." *Lowe v. Fulford*, 442 So. 2d 29, 31 (Ala. 1983).  But the typical rule does not apply when determining the heirs entitled to inherit the proceeds of a wrongful death case.  Instead, it appears that under Alabama law, the proceeds of a wrongful death action must go to the heirs as determined at the time of *recovery*, not the heirs as of the time of death.  *See Holt v. Stollenwerck*, 56 So. 912 (Ala. 1911); *Lowe*, 442 So. 2d at 33.

In *Holt*, Charles Bryan died and his administrator brought a wrongful death suit. 56 So. at 912.  While the lawsuit was pending, Mr. Bryan's widow married Mr. Holt.  *Id.*  Then the widow died, and after that, the lawsuit settled.  *Id.*  Mr. Holt claimed that he was entitled to a share of Mr. Bryan's estate on the basis that "Mrs. Holt's interest in the cause of action arising out of the death of her first husband became a part of the property of her estate."  *Id.*  The Alabama Supreme Court held that because Mrs. Holt died before the lawsuit settled, she "had no

---

[2] The court omits the portions of the statute of distributions that are irrelevant to this case.

3

property right in the cause of action," and her estate did not include any interest in the settlement proceeds from Mr. Holt's wrongful death suit. *Id.* at 913.

In *Lowe*, Elva Fulford and her daughter, Lou Anne Lowe, were in a car accident. 442 So. 2d at 31. Mrs. Fulford died the day of the accident. *Id.* Mrs. Fulford's husband and two daughters (one of them Mrs. Lowe) survived her. *Id.* Three days after the accident, Mrs. Lowe died, leaving behind her husband, sister, and father. *Id.* After both Mrs. Fulford and Mrs. Lowe had died, their estates prevailed in separate wrongful death actions against General Motors Corporation. *Id.* Mrs. Lowe's husband, who was the administrator of her estate, claimed that he was entitled to one-fourth of Mrs. Fulford's estate (*i.e.*, his mother-in-law's estate). *Id.* The Alabama Supreme Court reached back to the *Holt* case to hold that "Mrs. Lowe, having died before [her mother's] wrongful death action was reduced to judgment, had no property right in the potential wrongful death action on behalf of her mother." *Id.* at 32–33. As a result, Mrs. Lowe's estate, and by extension Mr. Lowe, were "not entitled to share in the proceeds" of Mrs. Fulford's wrongful death action. *Id.* at 33.

*Holt* and *Lowe* stand for the rule that the beneficiaries of the proceeds of a wrongful death action are determined at the time of recovery. In this case, the time of recovery was August 9, 2017, when Mrs. Kelley's estate and Defendant reached the settlement agreement. On that day, Mrs. Kelley's only heirs were her parents, Linda Wilcoxon and Carl Lattimer. Mrs. Kelley's husband had died months earlier, in October 2016, and she left no issue.

Mrs. Kelley's stepdaughter, Mrs. Beasley, contends that under *Swiney v. Waters*, 716 So. 2d 702 (Ala. Civ. App. 1998), Mr. Kelley's estate should be considered an heir. (Doc. 39). In *Swiney*, Ms. Walker's estate entered a settlement agreement in a wrongful death action against a nursing center. 716 So. 2d at 703. Ms. Walker had five children: three daughters and three

4

sons. *Id.* Two of her sons had died before her, leaving their own children (her grandchildren), and one of her sons died after her, leaving his own heirs (the opinion does not state his relation to his heirs). *Id.* The probate court found that the two sons who had predeceased Ms. Walker had no interest in the settlement, so their heirs were not entitled to a share of it. *Id.* The court, therefore, ordered the settlement to be distributed only to Ms. Walker's three living daughters and the heirs of the son who died after her. *Id.*

The Alabama Court of Civil Appeals reversed, holding that Ms. Walker's grandchildren were also her heirs under the statute of distributions because they were her issue. *Id.* at 704–05. The Court of Civil Appeals explained that the wrongful death distribution statute, Ala. Code § 43-8-42, provides that "issue of the decedent in unequal degree take by representation." *Id.* at 704. Ms. Walker's grandchildren were "the surviving lineal descendants, 'the issue,' of [Ms. Walker]." *Id.* Their claims were "based on their status as heirs under the statute of distributions and not as beneficiaries of their fathers' estates." *Id.* at 705.

*Swiney* does not hold that in a wrongful death case, the court determines the beneficiaries of the wrongful death proceeds as of the initiation of the lawsuit or the accrual of the cause of action. *Swiney* did not implicate that question because the grandchildren in *Swiney* were rightful intestate heirs *and* beneficiaries of the wrongful death proceeds at the time of her death, at the initiation of the wrongful death lawsuit, and at the time of recovery. *See id.* at 704–05. Their status was independent on their fathers' status as heirs under Alabama's statute of distributions. *Id.*

*Swiney* also does not hold that the *estate* of an intestate heir is entitled to the proceeds of a wrongful death suit if the heir dies after the initiation of the lawsuit. True, the Court of Civil Appeals stated that "under the statute of distributions, Ms. Walker's heirs at the time of her death

5

were her three surviving daughters, *her son*, and the children of her two sons who predeceased her." *Id.* at 704–05 (emphasis added). That sentence seems to imply that the estate of Ms. Walker's son who died after her but before the settlement was reached was entitled to recover some portion of the wrongful death proceeds. But the court does not read *Swiney* to so hold, for two reasons.

First of all, the Alabama Court of Civil Appeals had only one question before it, and that question did not relate to the estate of Ms. Walker's son who died after her. The only question the court addressed in *Swiney* was whether the probate court should have distributed some portion of the proceeds to the children of Ms. Walker's sons who predeceased her. *See id.* 703 ("The issue before this court is whether the descendants of [the two sons who predeceased Ms. Walker] are barred from receiving any portion of the proceeds obtained as a result of the settlement of the wrongful death action."). *Swiney* was not about the estate of the son who survived her, even though the court mentioned that estate in passing.

Second, even if the Alabama Court of Civil Appeals did hold, in *Swiney*, that the estate of an heir who died after the decedent but before the wrongful death settlement was entitled to some portion of that settlement, that holding would conflict with the Alabama Supreme Court's decisions in *Holt* and *Lowe*. As discussed above, *Holt* and *Lowe* held that an heir's estate is *not* entitled to part of the proceeds of a wrongful death action.

The decisions in *Lowe* and *Holt* rested on the rationale that the intestate heirs' interest in the wrongful death settlements expired when the heirs died; the heirs' *estates* were not entitled to any portion of the settlement agreements. *See Lowe*, 442 So. 2d at 31–32 ("Because Mrs. Lowe died some four months before the wrongful death action was filed and almost two years before the initial judgments were entered . . . , she had no property right in the wrongful death cause of

6

action.  Mrs. Lowe's right was personal and ceased to exist upon her death."); *Holt*, 56 So. at 912 ("[W]e are of opinion that Mrs. Holt had no property right in the cause of action created by the statute.  Her right was personal merely. . . .  [W]hatever may have been the case if judgment had been recovered prior to the death of Mrs. Holt, under the facts shown, the probate court correctly adjudged the [Mr. Holt] to be without right in the premises.").

Where the Alabama Court of Civil Appeals' decision conflicts with a decision of the Alabama Supreme Court, this court is bound by the Alabama Supreme Court's decision.  *See Silverberg v. Paine, Webber, Jackson & Curtis, Inc.,* 710 F.2d 678, 690 (11th Cir. 1983) ("A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts *absent some persuasive indication* that the state's highest court would decide the issue otherwise.") (emphasis added).  Thus, this court is bound to find that Mr. Kelley's estate is not entitled to any portion of the settlement in this wrongful death action because Mr. Kelley died before the date of recovery.

The proper beneficiaries of Mrs. Kelley's wrongful death proceeds are her parents, Ms. Wilcoxon and Mr. Lattimer, because Mrs. Kelley's husband, Mr. Kelley, died before the date of recovery and Mrs. Kelley left no issue.  *See* Ala. Code. § 43-8-42.  The court DENIES Shannon Ray Kelley's and Mrs. Beasley's motions; GRANTS Plaintiff's motion; and ORDERS Plaintiff's Personal Representative to distribute the settlement proceeds to Plaintiff's parents, Linda Wilcoxon and Carl Lattimer.

**DONE** and **ORDERED** this 19th day of December, 2017.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE

7